IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THERSA SANDERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-13-642-D |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record, ECF 11, (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff's DIB application was denied initially and on reconsideration at the administrative level. At her request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision on March 15, 2012 (TR. 14-21). Plaintiff appealed the ALJ's unfavorable decision to the Social Security Appeals Council, which found no reason to review the ALJ's decision (TR. 1-6). Thus, the

ALJ's unfavorable decision became the final decision of the Commissioner. This judicial appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's application for benefits, the ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date (TR. 16). At step two, the ALJ determined that Plaintiff has severe impairments consisting of diabetes mellitus, chronic obstructive pulmonary disease, arthritis, liver failure, back pain and degenerative joint disease (TR. 16). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except only occasional crouching, kneeling, crawling, stair/ramp/ladder climbing and no exposure to hazardous moving equipment or unprotected heights

2

(TR. 17). At phase two of step four, the ALJ identified Plaintiff's past relevant work as a state direct care aid at a special needs school (TR. 20). Based on the testimony of the vocational expert (VE), the ALJ concluded that Plaintiff's past relevant work is classified as medium work activity (TR. 40) Thus, at the third phase of step four, the ALJ concluded that Plaintiff does not have the residual functional capacity to return to her past relevant work. (TR. 20).

At the fifth and final step of the sequential evaluation process, the ALJ found that, based on the testimony of the VE, Plaintiff could perform other jobs, described in the Dictionary of Occupational Titles (DOT), and existing in significant numbers in the national economy such as self-service store attendant, DOT 229.677-010; housekeeper, DOT 323.687-014; and routing clerk, DOT 222.687-022 (TR. 21, 40-41). Thus, the ALJ found that Plaintiff is not disabled.

## ISSUES FOR REVIEW

Plaintiff challenges the ALJ's RFC assessment and his hypothetical questions to the VE, based solely on the ALJ's failure to include a functional limitation, which he, himself found attributable to Plaintiff's COPD. The functional limitation in question is her need to avoid exposure to dust and fumes.

## ANALYSIS

The ALJ thoroughly discussed the evidence supporting Plaintiff's contention that her COPD is severe (TR. 16, 18). On February 16, 2011, Plaintiff was examined by a consultative physician, Dr. Dennis W. Brennan, D.O. (TR. 250-252). As the ALJ noted, Dr. Brennan's examination revealed poor air exchange bilaterally, but found no

3

evidence of wheeze, rales or rhonchi. Dr. Brennan noted that Plaintiff appeared to get winded during the examination and that she demonstrated inspiratory and expiratory induced cough (TR 251). Dr. Brennan diagnosed COPD "by hx" (TR. 252).

The ALJ also discussed the pulmonary function studies performed on March 17, 2011. The examiner stated that Plaintiff's cooperation was "questionable" and her understanding of directions was "fair" (TR. 258). The ALJ concluded that Plaintiff's shortness of breath is not significantly work-limiting (TR. 18). Nevertheless, he stated in his decision that Plaintiff "should avoid exposure to dust and fumes as much as possible to avoid exacerbation of her condition" (TR. 18).

As noted above, the ALJ's RFC determination did not include Plaintiff's need to avoid exposure to dust and fumes. Plaintiff contends that the omission of these functional limitations in the RFC, and the ALJ's failure to include these specific limitations in his hypothetical questions to the VE, constitute reversible error.

The fallacy in Plaintiff's argument is apparent when the requirements of the jobs identified by the VE at step five are compared with the descriptions of the jobs in the DOT. None of the jobs identified by the VE and adopted by the ALJ at step five includes exposure to toxic or caustic chemicals. Other adverse environmental conditions are "not present." *See* DICOT 299.677-010 (self-service store attendant); 323.687-014 (housekeeper); and 222.687-022 (routing clerk). Common sense dictates that the DOT's job descriptions accommodate the ALJ's recommendation that Plaintiff avoid exposure to dust and fumes. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("In conducting . . . review [of the Commissioner's final decision], [a court] should,

4

indeed must, exercise "common sense" and "cannot insist on technical perfection"). Accordingly, it is recommended that the Commissioner's decision be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the ALJ's decision is supported by substantial evidence in the record. Thus, it is recommended that the decision of the Commissioner be **AFFIRMED.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **July 22, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 8, 2014.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE